UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FAUBION, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>FCI LENDER SERVICES, INC. et al.,<br><br>   Defendants. | No.  2:20-cv-01463-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

In February 2017, Veronica Faubion and her husband, Brandon Hintz, ("Plaintiffs") entered into a lease-option-to-purchase real estate agreement for the Property at issue in this case. First Am. Compl. ("FAC") ¶ 30, ECF No. 15.  In November 2018, the seller requested Plaintiffs let the lease-option agreement expire and agreed to grant them a three-year extension so they could finish upgrades and secure financing.  Id. ¶ 31.  Shortly thereafter, the seller rescinded the offer to extend the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 26, 2021.

1

contract. Id. ¶ 32. Prior to the expiration of the option-to-purchase, Plaintiffs exercised the 90-day extension clause. Id. ¶ 33.

Plaintiffs then contacted a real estate agent and mortgage loan originator who suggested Plaintiffs seek a mortgage loan from Defendant, PS Funding, Inc. ("PS Funding"). Id. ¶ 36. Plaintiffs allege PS Funding took advantage of their pressing need to obtain financing in order to make several changes to the loan agreement. Id. ¶ 36. Specifically, PS Funding increased the interest rate and the loan points from two to four. Id. Around, March 27, 2019, Plaintiffs were scheduled to close and record. Id. ¶ 37. However, on the day of the recording, the title representative informed Plaintiffs that a judgment had been recorded with the county clerk on March 20, 2019, related to a business debt. Id. In light of the judgement and other issues related to Plaintiff Hintz's businesses and pending litigation, PS Funding required Hintz be removed from the loan. Id. ¶ 38. Accordingly, Mrs. Faubion became the sole borrower and the Property was to be vested as her sole and separate property until Plaintiffs could obtain conventional financing. Id. Plaintiffs allege PS Funding also required Mrs. Faubion execute documents stating the Property was not to be her principal residence, despite knowing that it was. Id. On March 27, 2019, PS Funding made a loan to Mrs. Faubion evidenced by a note and secured by a deed of trust against the Property. Id. ¶ 41.

Around May 30, 2019, a lis pendens was improperly filed on the Property in relation to the judgment. Id. ¶ 42. Plaintiffs took immediate action to remove the judgment and lis pendens,

which the Superior Court removed on August 16, 2019.  Id.  PS funding, however, declared Plaintiffs were in default under the terms of the note due to the lis pendens effective June 1, 2019.  Id. ¶ 43.  PS Funding then increased the interest rate from 9% to 15.5% under the default provision.  Id.  Plaintiffs attempted to pay their regular monthly payment through the online web portal maintained by Defendant FCI Lender Services, Inc. ("FCI"), but their access had been disabled.  Id. ¶ 44.  In June 2019, Plaintiffs called FCI to inquire why their access to the online payment portal had been disabled.  Id. ¶ 45.  FCI and PS Funding refused to accept any further monthly payments and instead demanded the loan be paid in full.  Id.

On July 3, 2019, PS Funding sent Plaintiffs a letter indicating they considered Plaintiffs to be in default and intended to accelerate the note and require payment of the full balance owed.  Id. ¶ 46.  On July 17, 2019, Mr. Hintz's attorneys responded to the letter explaining that the lis pendens was improperly filed and that they would seek removal from the court.  Id. ¶ 47.  PS Funding never responded.  Id.  On July 17, 2019, PS Funding reiterated that it considered Plaintiffs to be in default.  Id.  ¶ 48.  Due to the improperly filed lis pendens and declaration of default, Plaintiffs were unable to obtain conventional funding on the Property and were unable to sell.  Id. ¶ 49.

Once the Superior Court, on August 16, 2019, found the lis pendens had been improperly filed and ordered it be removed from the title, Plaintiffs informed FCI of the order and requested they be allowed to resume payments on the note.  Id. ¶ 50.  FCI

merely responded that Plaintiffs were in default and that it would contact PS Funding regarding how to proceed. Id. Plaintiffs didn't receive any further response. Id. On October 14, 2019, Plaintiffs submitted a request for mortgage assistance. Id. ¶ 51. On October 28, 2019, FCI informed Plaintiffs that the lender had denied this request because they were in default. Id. ¶ 52. Plaintiffs, however, allege they were not in default because the lis pendens was filed improperly and PS Funding had refused to accept payments. Id. Shortly after receiving the October 28 letter, Plaintiffs contacted FCI to inquire why they were denied any loss mitigations options. Id. ¶ 53. FCI informed them that there were no loss mitigation options available because the Property was not owner-occupied. Id. Plaintiffs, however, claim the property had been their primary residence since February 2017. Id.

On November 12, 2019, Mrs. Faubion exercised her right to appeal the denial of the request for mortgage assistance by providing proof that the Property was owner-occupied. Id. ¶ 54. That same day, one or both Defendants, caused to be recorded a notice of default and election to sell, setting a sale date for April 22, 2020. Id. ¶ 55; Def.'s Req. for Jud. Notice ("RJN"), ECF No. 21-3. The notice of default claimed that the requirements of California Civil Code Section 2923.5 and 2923.55 did not apply because the loan was not secured by a first deed of trust as described in Section 2924.15(a). Id. Plaintiffs allege this was false, as the Property was owner-occupied which both Defendants knew. Id. On November 18, 2019, FCI denied Plaintiffs' appeal. Id. ¶ 56.

4

1    On April 20, 2020, Mrs. Faubion transferred, via
2 interspousal transfer deed, a community property interest in the
3 Property to Mr. Hintz.  Defs.' RJN, Ex. 4.  The next day on April
4 21, 2020, a day before the Property was to be sold at
5 foreclosure, Mr. Hintz filed a voluntary chapter 13 petition in
6 the United States Bankruptcy Court for the Eastern District of
7 California.  Id. at Ex. 5.  PS Funding then sought and obtained
8 relief from stay to proceed with the foreclosure sale of the
9 Property by an order entered June 6, 2020.  Id.  This case was
10 dismissed by an order also entered June 6, 2020.  Id.
11    Three days later, on June 9, 2020, Mr. Hintz filed a chapter
12 7 petition in the Bankruptcy Court.  Id. at Ex. 6.  On July 13,
13 2020, after PS Funding moved for relief from the stay in the
14 Second Bankruptcy case, the Bankruptcy Court entered its order
15 denying PS Funding's motion as moot as the stay expired by its
16 own terms, allowing PS Funding to proceed with foreclosure.  Id.
17 at Ex. 7.  This second Bankruptcy Case remains pending.  Sheri L.
18 Carello is the duly appointed and acting trustee.  Id.
19    On July 21, 2020, Plaintiffs filed the present action
20 against FCI and PS Funding asserting (1) violations of the
21 Homeowners Bill of Rights, California Civil Code § 2924.12;
22 (2) violations of the Real Estate Settlement Procedures Act, 12
23 U.S.C. § 2605(f); (3) Fraud; (4) Breach of Contract; (5) Breach
24 of Good Faith and Fair Dealing; and (6) Unfair Business
25 Practices.  See generally Compl., ECF No. 1.  That same day,
26 Plaintiffs filed an ex parte application for a temporary
27 restraining order, seeking to enjoin the trustee's sale set for
28 July 22, 2020.  TRO Mot., ECF No. 4.  The Court denied this

motion, finding Plaintiffs did not demonstrate compliance with Local Rule 231(b) and failed to show a likelihood of success on the merits.  Order, ECF No. 13.  With no injunction in place, on August 19, 2020, the Property was sold at a trustee's sale.  FAC ¶ 59.

On October 13, 2020, Plaintiffs filed their First Amended Complaint, amending the claims to reference the August foreclosure and to seek damages instead of injunctive relief.  See generally FAC.  Plaintiffs also added a claim for wrongful foreclosure.  FAC ¶¶ 106-115.  Defendants then filed this motion to dismiss, arguing Plaintiffs do not have standing to prosecute the claims as they are now part of the bankruptcy estate.  See Defs.' Mot. to Dismiss, ECF No. 21.  Plaintiffs opposed this motion, Opp'n, ECF No. 27, to which Defendants replied.  Reply, ECF No. 28.

## II.   OPINION

### A.   Requests for Judicial Notice

Defendants request the Court take judicial notice of 15 Exhibits: (1) an Interspousal Transfer Deed transferring all interest of Hintz in the Property to Faubion, as her sole and separate property, recorded on March 27, 2019 in the Official Records of Placer County; (2) the Notice of Default and Election to Sell under Deed of Trust recorded November 12, 2019 in the Official Records; (3) Notice of Trustee's Sale recorded on March 17, 2020 in the Official Records; (4) an Interspousal Transfer Deed transferring the Property from Faubion to Faubion and Hintz as community property dated April 20, 2020 and recorded on April

1  22, 2020 in the Official Records; (5) the Bankruptcy Docket of
2  Brandon Hintz filed in the United States Bankruptcy Court for
3  the Eastern District of California; (6) the Bankruptcy Docket of
4  Brandon Hintz's Second Bankruptcy Case; (7) an Order entered
5  July 13, 2020 in the Second Bankruptcy Case; (8) Brandon Hintz's
6  summary of assets and liabilities and bankruptcy schedules filed
7  on June 23, 2020 in the Second Bankruptcy Case; (9) Brandon
8  Hintz's amended summary of assets and liabilities and bankruptcy
9  schedules filed on October 5, 2020 in the Second Bankruptcy
10 Case; (10) Notice to file Proof of Claim Due to Possible
11 Recovery of Assets issued by the Bankruptcy Court on October 8,
12 2020; (11) the Loan Agreement between Veronica Faubion and PS
13 Funding, Inc.; (12) the Note, dated March 22, 2019, executed by
14 Veronica Faubion in favor of PS Funding; (13) the Deed of Trust,
15 Assignment of Rents and Security Agreement, dated March 22,
16 2019, executed by Veronica Faubion, which was duly recorded in
17 the Official Records on March 27, 2019; (14) the Declaration of
18 Non-Owner Occupancy, executed by Veronica Faubion; and (15) the
19 Business Purpose Certificate, executed by Veronica Faubion.
20 Defs.' RJN.  Plaintiffs do not oppose this request.  The Court
21 finds exhibits number 1-10 and 13 are matters of public record
22 and therefore proper subject of judicial notice.  Exhibits 11,
23 12, 14, and 15 are not matters of public record.  Defendants did
24 not provide any authority indicating they are otherwise proper
25 subjects of judicial notice.  See Defs.' Mot. at 15.
26     Accordingly, the Court GRANTS IN PART and DENIES IN PART
27 Defendants' Request for Judicial Notice.  However, the Court may
28 consider exhibits 11, 12, 14, and 15 without converting the

7

1 12(b)(6) motion into a motion for summary judgment as their
2 authenticity is not contested and the complaint necessarily
3 relies on them.  Lee, 250 F.3d at 688.
4     B.   Analysis
5     Every action must be prosecuted in the name of the real
6 party in interest.  Fed. R. Civ. P. 17(a).  Because the
7 bankruptcy trustee controls the bankruptcy estate, they are the
8 real party in interest to claims that belong to the estate.
9 Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal.
10 1996).  All legal or equitable interests of the debtor in
11 property as of the commencement of a bankruptcy case constitute
12 property of the estate.  11 U.S.C. § 541(a)(1).  And all
13 community property belonging to the debtor and his spouse is
14 estate property provided it is (1) under the debtor's sole,
15 equal or joint management and control, or (2) liable for an
16 allowable claim against the debtor or against the debtor and his
17 spouse.  11 U.S.C. § 541(a)(2).  "The scope of section 541 is
18 broad, and includes causes of action."  Sierra Switchboard Co.
19 v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).
20     Defendants argue that Plaintiffs do not have standing to
21 prosecute the claims set forth in the complaint as they
22 constitute property of the bankruptcy estate.  Defs.' Mot. at
23 15-16.  Plaintiffs, however, argue that because the debtor, Mr.
24 Hintz, was not a party to the loan, he could not bring any of
25 the causes of action asserted and thus they are not part of the
26 bankruptcy estate.  Pls.' Opp'n at 5, 8.  However, as Defendants
27 point out, the relevant inquiry is not whether the debtor has
28 standing to bring the claim but whether the property, the claims

themselves, constitute the debtor's separate or community property. See 11 U.S.C. § 541; Defs.' Reply at 2.

In California, all property acquired during marriage, subject to a few exceptions, is community property. Cal. Fam. Code § 760. And spouses, generally, have equal rights to manage community property. In re Maynard, 264 B.R. 209, 214 (9th Cir. BAP 2001). Causes of action are a form of property and community property if acquired during marriage. See In re Marriage of Biddle, 52 Cal.App.4th 396, 399-400 (1997).

Here, Plaintiffs' second claim for violations of the Real Estate Settlement Procedures Act is premised on Defendants' alleged failure to adequately consider and respond to Plaintiffs application for loss mitigation which occurred, at the latest, on November 18, 2019. See FAC ¶¶ 56, 71-76. Because this claim arose during marriage and before Hintz initiated bankruptcy on June 9, 2020, it became part of the bankruptcy estate. See Falcocchia v. Saxon Mortg., Inc., 709 F.Supp.2d 860, 868-69 (E.D. Cal. 2010) (finding Plaintiffs' RESPA claim accrued when Defendants failed to respond to the written request).

Similarly, Plaintiffs' third cause of action for fraud in the inducement, arose when Defendants "forced Plaintiffs to sign documents stating that the Subject Property was not owner-occupied when Defendants knew that the Subject Property was, in fact, owner-occupied." FAC ¶ 80. And Plaintiffs' fourth, fifth and sixth causes of action for breach of contract, breach of good faith and fair dealing, and violations of California's Unfair Competition Law, accrued when Defendants improperly declared Plaintiffs were in default. Id. ¶¶ 89, 94, 100-01.

Because these claims arose during marriage, before Hintz filed for bankruptcy, they are community property that became part of the bankruptcy estate. See 11 U.S.C. § 541(a)(1)-(2).

Plaintiffs argue that even if Hintz had an interest in Faubion's claims, her first claim under California's Homeowners Bill of Rights ("HBOR") did not become part of the estate as the claim accrued after Hintz had filed for bankruptcy, when the foreclosure sale occurred on August 19, 2020. Pls.' Opp'n at 10. However, an after-acquired interest becomes property of the estate under § 541(a)(7) if it is "(1) [. . .] created with or by property of the estate; (2) acquired in the estate's normal course of business; or (3) otherwise traceable to or aris[ing] out of any prepetition interest included in the bankruptcy estate." In re Neidorf, 534 B.R. 369, 371-72 (9th Cir. BAP 2015). Causes of action arising from the post-petition foreclosure sale of property within the estate are estate property. In re Solano, 2:16-bk-26833, 2020 WL 4280662 at *5 (9th Cir. BAP July 24, 2020). Since Plaintiffs' HBOR and wrongful foreclosure claims arose from the post-petition foreclosure of the Property within the estate, the claims became estate property. See id.

Because all of Plaintiffs' causes of action are part of the bankruptcy estate Plaintiffs do not have standing to bring these claims.[2] Cobb v. Aurora Laon Services, LLC, 408 B.R. 351, 354 (E.D. Cal. 2009) (noting that after filing a petition for

---

[2] Because the Court finds Plaintiffs lack standing, it does not reach the parties' other arguments regarding the sufficiency of Plaintiffs' claims.

bankruptcy a debtor may not prosecute a cause of action belonging to the bankruptcy estate because the trustee is the real party in interest with respect to such claims).

Accordingly, these claims are DISMISSED WITHOUT PREJUDICE in the event the trustee, the real party in interest, decides to file the claims or abandons the estate's interest. See Trustee's Resp. ¶ 6, ECF No. 26.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion:

IT IS SO ORDERED.

Dated: March 5, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE