UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUBION, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>FCI LENDER SERVICES, INC., et al.,<br><br>        Defendants. | No. 2:20-cv-01463-JAM-CKD<br><br>**ORDER DENYING PS FUNDING INC.'S MOTION FOR ATTORNEY'S FEES** |

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

    In March 2019, Veronica Faubion and her husband, Brandon Hintz ("Plaintiffs"), obtained a loan from PS Funding, Inc. ("Defendant") for real property known as 6350 Carolinda Drive, Granite Bay, California. First Am. Compl. ("FAC") ¶¶ 5, 41, ECF No. 15. On July 3, 2019, Defendant PS Funding, sent a letter indicating it considered Plaintiffs to be in default. Id. ¶ 46. A day before the property was to be sold at foreclosure, Mr. Hintz filed a voluntary chapter 13 petition in the United States

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 18, 2021.

1

Bankruptcy Court for the Eastern District of California. Order at 5, ECF No. 30. This Bankruptcy Case was dismissed on June 6, 2020. Id.

Three days later, On June 9, 2020, Mr. Hintz filed a chapter 7 petition in the Bankruptcy Court. Id. On July 13, 2020, the Bankruptcy stay expired, allowing PS Funding to proceed with the foreclosure. Id. On July 21, 2020, Plaintiffs filed suit against FCI and PS Funding asserting: (1) violations of the Homeowners Bill of Rights, California Civil Code § 2924.12; (2) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f); (3) Fraud; (4) Breach of Contract; (5) Breach of Good Faith and Fair Dealing; and (6) Unfair Business Practices. See generally Compl., ECF No. 1. That same day, Plaintiffs filed an ex parte application for a temporary restraining order, seeking to enjoin the trustee's sale set for July 22, 2020. TRO Mot., ECF No. 4. The Court denied this motion, finding Plaintiffs did not demonstrate compliance with Local Rule 231(b) and failed to show a likelihood of success on the merits. Order, ECF No. 13. With no injunction in place, on August 19, 2020, the Property was sold at a trustee's sale. FAC ¶ 59.

On October 13, 2020, Plaintiffs filed their First Amended Complaint, amending the claims to account for the August foreclosure and to seek damages instead of injunctive relief. See generally FAC. Plaintiffs also added a claim for wrongful foreclosure. Id. ¶¶ 106-115. Defendants then filed a motion to dismiss, arguing that Plaintiffs did not have standing to prosecute the claims as they became part of the bankruptcy

estate. See Defs.' Mot. to Dismiss, ECF No. 21. The Court agreed with Defendants, that Plaintiffs did not have standing to bring the claims and dismissed the action without prejudice. See generally Order, ECF No. 30. Defendant PS Funding ("Defendant"), then brought the instant Motion for Attorneys' Fees. Mot. for Attorneys' Fees, ECF No. 33. Plaintiffs opposed this motion. Opp'n, ECF No. 36. Defendant replied. Reply, ECF No. 37. For the reasons set forth below, the Court denies Defendant's Motion.

## II. OPINION

### A. Judicial Notice

Plaintiffs request that the Court take judicial notice of: (1) an Order Granting Dismissal of Chapter 7 Bankruptcy Without Entry of Discharge and (2) a Notice of Entry of Order of Dismissal. See Pls.' Req. for Judicial Notice, ECF No. 39. As matters of public record, these documents are proper subjects of judicial notice. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002). Accordingly, the Court grants Plaintiffs' request.

### B. Legal Standard

Generally, the prevailing litigant is not entitled to collect attorneys' fees from the losing party. Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007). However, a statute or enforceable contract allocating attorneys' fees can overcome this rule. Id. "State law governs the enforceability of attorneys' fees in contract provisions." Gilbert v. World Sav. Bank, FSB, No. C 10-05162 WHA, 2011 WL 995966, at *1 (N.D. Cal. Mar. 21, 2011) (citing Sec. Mortgage

Co. v. Powers, 278 U.S. 149, 154 (1928)). California allows parties to allocate attorneys' fees by contract. Id. (citing Cal. Code Civ. Proc. § 1021).

When determining whether and how attorneys' fees should be awarded under a contract California Civil Code Section 1717 applies. Winding v. Wells Fargo Bank, No. 1:11-cv-00555-AWI-SKO, 2012 WL 603217, at *10 (E.D. Cal. Feb. 23, 2012) (citing Sears v. Baccaglio, 60 Cal.App.4th 1136, 1157 (1998)). It provides that:

> In any action on a contract, where the contract provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims." DisputeSuite.com, LLC v. Scoreinc.com, 2 Cal.5th 968, 974 (2017) (quoting Hsu v. Abbara, 9 Cal.4th 863, 876 (1995)). "The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" Id.

C. Analysis

Here, the parties contracted for the payment of attorneys' fees incurred to enforce the contract. See Mot. at 8-9; Branch

4

Decl. at Ex. 1-3, ECF No. 33-1. Accordingly, California Civil Code § 1717 applies. Defendant argues it is entitled to attorneys' fees as the Court granted its motion to dismiss Plaintiffs' contract claims. Mot. at 14-15. Plaintiffs, however, dispute that Defendant was the prevailing party as there was never a final resolution of these claims. Opp'n at 6-9.

The Court agrees with Plaintiffs. The Court previously dismissed Plaintiffs' First Amended Complaint for lack of standing, finding all the claims were property of the bankruptcy estate. See Order at 10-11, ECF No. 30. While the California Supreme Court has recognized that "a defendant might prevail on the contract within the meaning of section 1717 by winning a purely procedural dismissal" if for example "refiling in another forum would be legally barred [. . .] or would be otherwise impossible or impracticable," DisputeSuite, 2 Cal.5th at 975, this Court specifically dismissed Plaintiffs' claims without prejudice. Id. at 11. Thus, if Plaintiffs were able to resolve their standing issues, they could refile the lawsuit. Because the Court never reached the merits of Plaintiffs' contracts claims, neither Plaintiffs nor Defendant were the prevailing party for purposes of attorneys' fees. See Safley v. Wells Fargo, NA, No. 2:12-CV-00795-JAM-CKD, 2012 WL 4364254 at *1 (E.D. Cal. Sept. 21, 2012); see also Vistan Corp. v. Fadei, USA, Inc., No. C-10-04862 JCS, 2013 WL 1345023, at *3 (N.D. Cal. Apr. 2, 2013) ("Federal district courts appear uniform in denying fees under Section 1717 where a non-merits decision results in

dismissal of the contract claim.")[2]

### III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Attorneys' Fees.

IT IS SO ORDERED.

Dated: June 29, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] As the Court finds Defendant was not the prevailing party under Section 1717, it does not reach the parties' dispute as to whether Plaintiffs' consumer rights claims qualify as "on the contract" or interrelated for purposes of Section 1717. See Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129-30 (1979); Mot. at 15-18; Opp'n at 9-10; Reply at 4-5.